IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2010 OCT -7 AM 10: 54
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

DAVID HANCOCK and wife, TERESA )
HANCOCK, )
)
    Plaintiffs, )
)
vs. ) No. 3-10 0935
)
THOMAS R. BENNING, M.D., )
Individually and d/b/a ANESTHESIA ) Judge _____
MEDICAL GROUP, P.C.; ANESTHESIA ) Magistrate _____
MEDICAL GROUP, P.C.; BAPTIST )
HOSPITAL and BAPTIST HOSPITAL, )
INC., )
)
    Defendants. )

## COMPLAINT

Come now the Plaintiffs David and Teresa Hancock and sue the above-named Defendants as follows:

1. Plaintiff, David Hancock and his wife, Teresa Hancock, are and at all times relevant to this case were citizens and residents of Scottsville, Kentucky. Unless otherwise specifically indicated below, all references to "Plaintiff" in the singular are to Plaintiff, David Hancock.

2. Defendant, Dr. Thomas R. Benning, is and at all times relevant to this case was, a physician practicing medicine and anesthesiology in Nashville, Davidson County, Tennessee. Dr. Benning's medical practice and offices are and were at all times relevant to this case, located at Anesthesia Medical Group, P.C., 110 29th Avenue North, Suite 202, Nashville, Tennessee 37203, and at Baptist Hospital, 2000 Church Street, Nashville, Tennessee 37236.

3. Defendant, Anesthesia Medical Group, P.C., is and at all times relevant to this case was, a medical and surgical practice which included Defendant Benning. Anesthesia Medical Group, P.C. is a Tennessee corporation licensed to do business in Tennessee, and is and was at all times relevant to this case, performing business at 110 29th Avenue North, Suite 202, Nashville, Tennessee 37203, and at Baptist Hospital, 2000 Church Street, Nashville, Tennessee 37236.

4. Defendants, Baptist Hospital and Baptist Hospital, Inc., is/are and at all times relevant to this case was/were, a hospital and a Tennessee corporation, with the principal place of business located at 2000 Church Street, Nashville, Tennessee 37236. Defendant Baptist Hospital may be served with process by serving its registered agent for service, E. Berry Holt, III, 102 Woodmont Blvd., Suite 700, Nashville, Tennessee 37205. The Defendant, Baptist Hospital, Inc., may be served with process by serving its registered agent for service, Stephanie Zembar, 2555 Meridan Blvd., Suite 300, Franklin, Tennessee 37067. Hereafter, Defendants Baptist Hospital and Baptist Hospital, Inc., will be referred to collectively as "Baptist Hospital" or "Baptist", unless otherwise specifically indicated.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

6. The amount in controversy exceeds $75,000.00, exclusive of costs and interest.

**Factual Background**

7. Over the past few years, the Plaintiff experienced episodes of flank pain, kidney and/or urinary system stones and/or other nephritic and/or urinary system

problems, which necessitated him making repeated visits to Baptist Hospital for treatment.

8. As early as July 23, 2003, Baptist Hospital was made aware that Plaintiff was allergic to a drug call Versed. Baptist Hospital records continued repeatedly to reference Mr. Hancock's allergy to Versed on other occasions and during other visits to Baptist Hospital for treatment.

9. On or about April 28, 2008, the Plaintiff, David Hancock was hospitalized at Baptist Hospital for more urinary system problems, and during that hospitalization he required a general anesthesia surgery during which a ureteral stent was placed. Versed was listed as a drug to which Mr. Hancock was allergic on the anesthesia records and/or the hospital records of Baptist Hospital, and Mr. Hancock was not given the drug during that surgery.

10. On or about May 1, 2008, the Plaintiff required another general anesthesia surgery at Baptist, this time for lithotripsy, removal of kidney stones, and removal of the stent. Hospital and/or anesthesia records created at the time, again reflected Plaintiff's allergy to Versed, but Mr. Hancock was administered Versed nonetheless prior to surgery. Defendant Benning was the attending anesthesiologist at the time the Versed was administered to the Plaintiff, and as an agent and/or employee of Anesthesia Medical Group, P.C. and/or Baptist Hospital, undertook the responsibility for supervising the anesthesia care rendered to Plaintiff at that time. Other anesthesia care for this surgery was rendered by J. Williams, CRNA, an agent and/or employee of Anesthesia Medical Group, P.C. and/or Baptist Hospital.

11. Prior to the administration of the Versed by J. Williams CRNA and/or Dr. Benning, Plaintiff David Hancock asked the nurse or nurse anesthetist who was administering the anesthesia what he was being given for anesthesia and told the individual he was allergic to Versed. He was told the Versed had already been administered and there was nothing they could do.

12. At the time of the incident, Plaintiff David Hancock's allergy to Versed was labeled on his wristband.

13. Plaintiff David Hancock left Baptist Hospital shortly following his release from the post-anesthesia care unit, but later in the day, he felt very agitated, anxious and in enough of an altered mental condition to seek treatment locally in Scottsville, Kentucky, from a local physician who hospitalized him for observation at the Medical Center at Scottsville. He reported that he had been erroneously given Versed against his own verbal instructions and the records of Baptist Hospital and Anesthesia Medical Group, P.C.

14. Since that time, Plaintiff has endured pain and suffering as a direct and proximate cause of being given Versed as described above, and his mental and physical state has deteriorated, likewise as a direct and proximate result of his having been given Versed, including increased anxiety, panic attacks, agitation, outbursts of anger, and stuttering, which required speech therapy. In addition, he must use a cane to walk, and he can no longer operate a vehicle. He suffers from episodes of manic depression and suicidal ideations; all of which has changed his character as a person and as a husband to his wife and Plaintiff, Teresa Hancock.

## Liability of Defendants

15. The relationship of doctor and patient existed between Defendant Benning and the Plaintiff David Hancock at the time he was given Versed.

16. Defendant Benning's failure to ensure that the Plaintiff was not exposed to a drug, Versed, to which he was allergic, that was listed on his wrist band and in such records of which Defendant Benning knew, or should have known, constituted medical negligence, and fell below the requisite standard of professional practice for physicians and anesthesiologists in treating patients in the same and/or a similar condition as Plaintiff, in Davidson County, Tennessee or a similar locality.

17. The negligent acts and/or omissions involved in administering a drug to the Plaintiff to which the Defendants' own records reflected Plaintiff was allergic to and/or should not be given, constituted negligence *per se* and/or negligence based on *res ipsa loquitur*, on the part of each and every Defendant hereto, and said negligence was and is so obvious as to not require expert medical proof of same.

18. Further, the nursing care and/or nurse anesthetist care rendered by Baptist Hospital and/or Anesthesia Medical Group, P.C., fell below the requisite standard of professional practice in treating and caring for patients in the same or similar condition as the Plaintiff in Davidson County, Tennessee, or a similar locality, by permitting Plaintiff to be given Versed under the circumstances averred herein. Further, the nurses, staff, employees, and/or agents of Baptist Hospital negligently failed to protect Plaintiff against such harm, despite the fact that they were on notice of his allergy to Versed before he was given the drug. All of these individuals were acting within the course and scope of their employment or agency at the time of their care and treatment of the Plaintiff.

19. The relationship of hospital and patient existed between Baptist Hospital and Plaintiff during his May 1, 2008 hospitalization there, and particularly, at the time he was negligently administered Versed.

20. Accordingly, Baptist Hospital is liable for any negligent acts and/or omissions or negligent medical care and treatment by such employees, servants, and/or agents of Baptist. Any carelessness, negligence of any of the employees, servants, and/or agents of Baptist is, as a matter of law, imputed to all the hospital defendants.

21. Anesthesia Medical Group, P.C., is liable for any negligent acts and/or omissions or negligent medical care and treatment by its employees, servants and/or agents, specifically to include, but not limited to Defendant Benning, CRNA J. Williams. Any carelessness or negligence of any such employees and/or agents of Anesthesia Medical Group, P.C., is, as a matter of law, imputed to the said Defendant anesthesia practice.

22. For the reasons noted above, Baptist Hospital and/or Baptist Hospital, Inc., and Anesthesia Medical Group, P.C., are vicariously liable under the legal theory of *respondeat superior* for the negligent care, negligent acts and/or negligent omissions of any of their employees, servants and/or agents, including but not limited to, nurses, staff and/or physicians who were negligent with respect to their care and treatment, or lack thereof, of Plaintiff.

23. The negligent acts and/or omissions and negligent medical care and treatment of the Plaintiff by all of the Defendants is so obvious in its nature, as to constitute recklessness and gross negligence.

### Battery

24. In the alternative, because the Defendants acted without the consent of the Plaintiff, and in direct contradiction of the Plaintiff's verbal instructions, a battery occurred within the meaning of the RESTATEMENT (SECOND) OF TORTS §§ 13-18.

### Damages

25. As a direct and proximate result of the negligent acts and/or omissions and the recklessness and gross negligence, of all Defendants alleged above, the Plaintiff David Hancock, did not receive proper medical care; he was not protected against the administration of a drug to which he was allergic and that every Defendant hereinabove named knew, or should have known, by their very own records and the Plaintiff's wristband, that he was allergic to the drug; he received no corrective measures to minimize the effects of the Versed after it was given; and as a result of all of the above, he suffered damages, past, present and future, including but not limited to: permanent physical and mental impairment and disability; mental anguish, loss of enjoyment of life, and medical and medically-related expenses.

26. As a direct and proximate result of the negligent acts and/or omissions and the recklessness and gross negligence of all Defendants alleged above, the Plaintiff Teresa Hancock has suffered damages, past, present and future of: the loss of her husband's conjugal society and services, and the companionship and affection which she was accustomed to receiving.

27. This action is timely filed pursuant to T.C.A., §28-1-105 for the reason that a notice and order of voluntary non-suit was filed in the Davidson County Sixth Circuit Court entered October 4, 2010, under docket number 09C-1795.

WHEREFORE PLAINTIFF'S PRAY:

1. For judgment against the Defendants in the sum of Twelve Million ($12,000,000.00) Dollars, as compensatory damages for the injuries and damages suffered by Plaintiff David Hancock set forth above.

2. For judgment against the Defendants in the amount of Five Million ($5,000,000.00) Dollars, as punitive damages for the injuries and damages suffered by the Plaintiffs by the gross negligence, reckless acts and/or omissions of the Defendants.

3. For judgment against the Defendants in the amount of Three Million ($3,000,000.00) Dollars, for the loss of services and consortium suffered by the Plaintiff Teresa Hancock set forth above.

4. For costs of this cause to be assessed against the Defendants.

5. For pre-judgment and post-judgment interest and discretionary costs.

6. For a jury to hear this cause.

7. For such other, further and general relief to which the Plaintiffs are entitled.

8. Plaintiffs reserve the right to amend this Complaint to conform to the evidence as the case progresses.

s/Joseph M. Dalton, Jr.
Joseph M. Dalton, Jr., TBR# 09411
Mike Breen, TBR# 024876
180 N. Belvedere Drive, Unit #1
Gallatin, TN 37066
Telephone: 615-452-7080
Telecopier: 615-452-0798
Email: joedalton@comcast.net
mike@breenandmorgan.com
*Attorneys for Plaintiffs*