# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| DAVID HANCOCK and wife,<br>THERESA HANCOCK,<br><br>*Plaintiffs*<br><br>vs.<br><br>THOMAS R. BENNING, M.D.,<br>Individually and dba ANESTHESIA<br>MEDICAL GROUP, P.C.,<br>BAPTIST HOSPITAL and<br>BAPTIST HOSPITAL, INC.,<br><br>*Defendants* | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] | NO. 3:10-0935<br>Judge Campbell<br>Magistrate Judge Knowles |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d), the parties hereby submit their proposed initial case management order.

**I.      Jurisdiction and Venue.**

Plaintiffs alleged that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(diversity of citizenship). Defendants do not dispute jurisdiction and the appropriateness of venue in this Court.

**II.     Status of Service of Process and Responsive Pleadings.**

**1. Service of Process.**

All Defendants have been served with the Complaint.

**Responsive Pleadings**

Defendants Thomas R. Benning, M.D., and Anesthesiology Medical Group, P.C., have filed a joint Answer to the Complaint. The Baptist Defendants have not yet filed an Answer, but have filed a Motion to Dismiss.

### III. Parties' Theories of the Case.

#### 1. Plaintiffs' Theory

Plaintiff David Hancock's medical history has necessitated intermittent treatment at Baptist Hospital for most of the last ten years. His conditions include flank pain, kidney and urinary system stones and other nephritic problems. Plaintiff is allergic to a drug called Versed. Baptist Hospital has been aware of this fact since at least July, 2003 and it is part of plaintiff's medical record. In April, 2008, plaintiff was hospitalized and underwent a procedure for placement of a ureteral stent. It was noted again that plaintiff is highly allergic to Versed. In May, 2008, plaintiff required another surgical procedure for removal of kidney stones and removal of the stent. Plaintiff's allergic reaction to Versed was noted in the record as well as printed on a wrist band he wore. Despite this, plaintiff, was administered the drug prior to surgery. Defendant Benning was the attending anesthesiologist at the time Versed was administered to the plaintiff.

As a direct and proximate result of having Versed administered, plaintiff began having symptoms of an altered mental state. He was hospitalized for observation at a medical facility in Scottsville, Kentucky. Plaintiff's mental and physical condition has deteriorated as a result of the drug. He suffers with anxiety, panic attacks, agitation, outbursts and stuttering, which has required speech therapy. He also experiences episodes of manic depression and suicidal ideations. Plaintiff now uses a cane to ambulate and he is unable to operate a motor vehicle.

Defendants' administering the drug Versed, absolutely contraindicated in the records and on the wristband worn by plaintiff constitutes medical negligence. Defendants' conduct falls below the requisite standard of care under the circumstances. The negligence of each named defendant is *per se* and rises to *res ipsa loquitur* in that it is so obvious as would not require expert proof on the issue.

Liability is imputed to Baptist Hospital for the negligent acts and/or omissions by its employees, servants and/or agents. Likewise, liability is imputed to Anesthesia Medical Group, P.C., for the negligent acts and/or omissions by its employees, servants and/or agents, specifically acts by defendant Benning. These defendants are vicariously liable as a matter of law under theories of agency and *respondeat superior*. Plaintiffs aver that the medical negligence is so obvious as to constitute recklessness and gross negligence. Plaintiffs further aver that the defendants' negligence constitute a battery, within the meaning set forth in Restatement (Second) of Torts §§13-18.

As a direct and proximate result of being administered Versed, the plaintiff David Hancock has suffered permanent physical and mental impairment, disability, mental anguish, and medical expenses which are necessary and reasonable. Plaintiff has also suffered loss of enjoyment of life. As a direct and proximate result of the injuries suffered by plaintiff David Hancock, his wife, Teresa Hancock, has lost the conjugal society, services, companionship and affection of her husband.

2. **Defendants Thomas Benning, M.D., and Anesthesia Medical Group, P.C.'s Theory of the Case.**

Dr. Benning and Anesthesia Medical Group, P.C., (hereinafter "AMG"), submit that the medical care rendered to Mr. Hancock by Dr. Benning and/or any other of its employees, agents

or representatives complied with the recognized standard for the acceptable professional practice of medicine in Nashville. In addition, Defendants contend that nothing that they did, or allegedly failed to do, caused an injury to Mr. Hancock that otherwise would not have occurred.

While the medical records reflect that Mr. Hancock received the drug Versed in connection with the Lithotripsy procedure performed at Baptist Hospital, Mr. Hancock is not allergic to Versed. His history and medication regimen are inconsistent with an allergy to Versed and his alleged reaction and injuries, (see Plaintiffs' Theory of the Case), are inconsistent with an allergy to Versed. The use of Versed was appropriate and did not cause Mr. Hancock's problems.

**3. Defendant Seton Corporation d/b/a Baptist Hospital's Theory of the Case.**

The defendant, Seton Corporation d/b/a Baptist Hospital ("Baptist Hospital"), acting through its employees and agents, complied with the recognized standard of acceptable professional practice in providing care and treatment to the plaintiff, David Hancock. In addition, nothing which Baptist Hospital did or failed to do caused Mr. Hancock an injury which would not otherwise have occurred. There is no factual basis for a claim for punitive damages against any of the defendants, and the facts of this case do not equate to a medical battery.

Based upon the medical history of Mr. Hancock, including his medication history both before and after this incident, he did not have a true allergy to Versed. His alleged damages, including anxiety, panic attacks, agitation, outbursts and stuttering, and his episodes of manic depression and alleged suicidal ideations were the result of other medical and psychiatric conditions and not the result of the administration of a small amount of Versed. This medication would have been out of his system by the time he left the hospital after the procedure. Therefore,

while the records do reflect that Mr. Hancock was given a small dosage of Versed, he was not truly allergic to this drug and his alleged damages are unrelated to its administration.

Finally, the decision to administer Versed is a decision undertaken by anesthesia personnel and not by nursing or other staff employed by Baptist Hospital. Dr. Benning and the nurse anesthetist were not employees or agents of Baptist Hospital.

**IV.     Issues In Dispute:**

1. Whether Defendants complied with the recognized standard for the acceptable professional practice of medicine in Nashville;

2. Whether Defendants conduct caused an injury to Plaintiffs;

3. Whether the doctrine of res ipsa loquitur applies;

4. Whether a battery was committed by the administration of Versed;

5. Whether there is a viable claim for reckless conduct or gross negligence; and

6. Whether plaintiffs complied with Tenn. Code Ann. §§29-26-121 and 122 which require pre-suit written notice of the claim and the filing of a Certificate of Good Faith with the Complaint.

**V.     Current Status of Case.**

The Defendant Baptist Hospital, Inc., did not own or operate the hospital at the time of the incident. The parties have agreed to substitute Seton Corporation d/b/a Baptist Hospital as the appropriate Defendant.

No discovery has been submitted by any party. However, this matter was previously pending in the Third Circuit Court of Davidson County before being voluntarily dismissed by Plaintiffs pursuant to Rule 41 of the Tennessee Rules of Civil Procedure. While the State Court matter was pending limited written discovery was completed, but no depositions were taken.

In the present action, the Baptist Defendants have filed a Motion to Dismiss based on Plaintiffs failure to file a Certificate of Good Faith with their Complaint as required by Tenn. Code Ann. §§29-26-122. Plaintiffs have filed a response in opposition to the Motion. The Court has not yet ruled on the Motion. Dr. Benning and AMG's Answer to the Complaint included an affirmative defense regarding Plaintiffs' failure to comply with Tenn. Code Ann. §§29-26-122, but they have not yet filed a Motion to Dismiss.

## VI. Schedule of Pretrial Proceedings.

**1. Initial Disclosures:**

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures within ninety (90) days from the date of the case management conference on November 29, 2010 or on or before February 27, 2011.

**2. Discovery:**

All fact discovery shall be completed on or before October 30, 2011. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences. All discovery related motions, if necessary, must be filed on or before November 7, 2011.

**3. Interrogatories:**

Interrogatories pursuant to FRCP 33 and Local Rule 33.01 shall be limited to twenty-five (25), unless leave of Court is first obtained to submit additional interrogatories.

**4. HIPAA Protected Health Information:**

Plaintiffs waive and release any requirements, restrictions or prohibitions under HIPAA regarding the access, use or disclosure of David Hancock's protected health information (HPI) in

these proceedings which is relevant to this case. However, this waiver does not allow Defendants to communicate with Mr. Hancock's healthcare providers about his HPI unless Plaintiffs' counsel is present or has given express permission for the communication.

**5. Motions to Amend:**

The deadline for filing Motions to Amend the pleadings or join parties is February 1, 2012.

**6. Disclosure of Experts**:

The plaintiff shall identify and disclose all expert witnesses and expert reports, and provide all information specified in Rule 26(a)(2)(B), on or before December 1, 2011. The defendants shall identify and disclose all expert witnesses and reports, and provide all information specified in Rule 26(a)(2)(B), on or before February 1, 2012.

**7. Depositions of Expert Witnesses:**

The parties shall depose all expert witnesses on or before April 15, 2012. Plaintiffs' experts shall be deposed before Defendants' experts are deposed.

**8. Dispositive Motions**:

All dispositive Motions shall be filed on or before May 1, 2012 and any Responses thereto shall be filed on or before 20 days after the filing of the Motion. Any Reply shall be filed on or before 13 days after the filing of the Response. Motion and Response memoranda are limited to 25 pages and any Reply filed must be limited to 10 pages. Longer pleadings are only permitted with the permission of the Court.

**VII.    Target Trial Date.**

As determined at the case management conference on November 29, 2010, the target trial date for this action is Tuesday August 7, 2012, at 9:00 a.m.

7

The parties expect the trial to last approximately 7 days.

It is so **ORDERED.**

**ENTER** this the ____ day of _____, 2010.

_____
E. Clifton Knowles
United States Magistrate Judge

APPROVED FOR ENTRY:


/s/ Joseph Dalton
Joseph Dalton, TBPR #9411
P.O. Box 2827
Hendersonville, TN 37077
Gallatin Telephone: (615) 461-1713
Nashville Telephone: (615) 256-7600
Telecopier: (615) 824-6667

/s/ Mike Breen
Mike Breen, TBPR #92876
180 N. Belvedere Drive, Unit #1
Gallatin, TN 37066
Telephone: (615) 452-7080

*Attorneys for Plaintiffs*