IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID HANCOCK, et al.           )
                                )
v.                              ) NO. 3-10-0935
                                ) JUDGE CAMPBELL
THOMAS R. BENNING, M.D., et al. )

ORDER

Pending before the Court are Defendants' Motion in Limine No. 2 (Docket No. 37), Defendants' Motion in Limine No. 3 (Docket No. 38), and Defendants' Motion in Limine No. 4 (Docket No. 39). The Court held a hearing on these Motions on March 19, 2013.

Defendants' Motion in Limine No. 2 asks the Court to limit Plaintiffs' proof of medical expenses to those costs which were actually paid and costs which Plaintiffs have shown were reasonable, necessary and related to Defendants' alleged misconduct. Defendants' Motion is denied in part and taken under advisement in part.

This Motion is granted in part and taken under advisement in part. Plaintiffs' counsel represented that Plaintiffs' medical expenses were paid by Medicare, which has a subrogation lien on any recovery in this case. Proof of these expenses paid by Medicare, to the extent Plaintiffs can show they were reasonable, necessary and related to Defendants' alleged misconduct, is admissible. With regard to whether the expenses were reasonable, necessary and related to Defendants' alleged misconduct, the Court reserves judgment until the proof is offered at trial.

Defendants' Motion in Limine No. 3 asks the Court to preclude Plaintiffs' counsel from asking any of Defendants' witnesses about pending or past malpractice claims filed against them. This Motion is granted. Fed. R. Evid. 403, 404(b) and 608(b).

Defendants' Motion in Limine No. 4 asks the Court to preclude Plaintiffs' expert, Dr. Watson, from offering standard of care or causation opinion testimony. Plaintiffs concede that Dr. Watson may not testify about any causal relation between Defendants' alleged misconduct and any physical injuries of the Plaintiffs. Defendants contend that Dr. Watson may not testify about the standard of care because he admitted in a deposition that Dr. Benning did not violate the applicable standard of care. Plaintiffs argue that Dr. Watson may testify about the standard of care concerning Dr. Benning's supervision of the Certified Registered Nurse Anesthetist ("CRNA") and the standard of care for the CRNA.

This Motion is granted in part and taken under advisement in part. The Court finds that Dr. Watson may not testify about whether Dr. Benning violated the applicable standard of care. By April 1, 2013, the parties shall filed a copy of the entire deposition of Dr. Watson and his expert report and shall cite the Court to any portions thereof which address the applicable standard of care for physicians who supervise CRNAs and/or the applicable standard of care for CRNAs.

Defendants also seek to preclude Dr. Watson from offering any opinion as to a causal relationship between Defendants' alleged misconduct and any psychological injuries of the Plaintiffs. Plaintiffs admit that Dr. Watson is not qualified to offer such a causation expert opinion, but they argue that Dr. Watson, as Plaintiffs' treating physician, may testify about his observations of Plaintiff David Hancock both before and after this incident. Dr. Watson may testify, as a treating physician, about his factual observations of Mr. Hancock. Dr. Watson may not testify as to any opinion about Mr. Hancock's injuries or the causes thereof.

To the extent Defendants wish to file a Motion for the Court to reconsider its ruling on Plaintiffs' Motion to Limit Defendants' Expert Witnesses (Docket No. 50), that Motion should be filed by March 25, 2013. Plaintiffs' Response shall be filed by April 1, 2013.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE